**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEANNE HAMILL,** | : | **CIV NO. 3:20-CV-231** |
| | : | |
| **Plaintiff,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TWIN CEDARS SENIOR LIVING,** | : | |
| **LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I.   Factual Background

This is a wrongful death-survivor action brought by Jeanne Hamill, who alleges that her spouse, Eugene Hamill, died as a result of neglect and negligence by the defendants. Specifically, Mrs. Hamill alleges that the defendants put in motion a series of events which led to her spouse's death when they peremptorily discharged Mr. Hamill, an elderly man who suffered from multiple disabling medical conditions, from their facility without proper medical support and sent him unescorted on a one-way Uber trip to his family. According to Hamill's complaint:

> In connection with this incident, Twin Cedars' license was revoked on December 20, 2018 for violating 55 Pa. Code § 2600.42(b), which states, in pertinent part, "a resident may not be neglected, intimidated, physically, or verbally abused, mistreated, subjected to corporal punishment, or disciplined in any way."

1

(Doc. 1, ¶ 7).

This case comes before us for consideration of a motion to quash a subpoena issued by the plaintiff and served upon the Pike County Area Agency on Aging ("Pike County"), an agency that allegedly played some role in the investigation into Eugene Hamill's discharge from this facility. (Doc. 25). That subpoena sought all agency records relating to Mr. Hamill. For its part, Pike County cites relevance and overbreadth concerns, as well as state statutory considerations regarding the confidentiality of agency records, as grounds to quash this subpoena.

Thus, in considering this motion to quash, we must reconcile litigants' discovery needs with the legitimate state law privacy concerns that have led the Pike County Area Agency on Aging to file this motion to quash. Upon consideration of the parties' positions, for the reasons set forth below, we find that the plaintiff has sufficiently established the relevance of the information sought from the Pike County Area Agency on Aging to warrant an *in camera* review of these records. We also believe that any concerns regarding confidentiality, relevance, and overbreadth that the parties may have relating to the release of these documents can be resolved by the court through this *in camera* review. Accordingly, the motion to quash will be granted, in part, and denied, in part, and Pike County will be directed to provide the records in its possession, custody, and control to the court for our *in camera* review prior to release of this information.

2

## II.    Discussion

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).' " First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to enforce compliance with subpoenas, where "[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." Coleman-Hill v. Governor Mifflin School Dist, 271 F.R.D. 549, 552 (E.D. Pa. 2010) (quoting Guinan v. A.I. duPont Hosp. for Children, No. 08–228, 2008 WL 938874,

at *1 (E.D. Pa. Apr. 7, 2008); <u>Marroquin–Manriquez v. INS</u>, 699 F.2d 129, 134 (3d

Cir. 1983)) (internal quotations omitted).

This broad discretion, however, is guided by certain general principles. At the

outset, when considering a motion to quash or modify a subpoena, we are enjoined

to keep in mind that the reach of a subpoena is defined by the proper scope of

discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a
> court to quash or modify a subpoena that subjects a person to undue
> burden. Fed. R. Civ. P. 45(c)(3)(A)(iv), 28 U.S.C. (1994); <u>see</u>
> <u>Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley</u>
> <u>Roofing Enter.</u>, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (Joyner, J.) (stating
> same). Accordingly, a court may quash or modify a subpoena if it finds
> that the movant has met the heavy burden of establishing that
> compliance with the subpoena would be "unreasonable and
> oppressive." <u>Id.</u> (citing <u>Heat & Control, Inc. v. Hester Indus.</u>, 785 F.2d
> 1017, 1023 (Fed. Cir. 1986)). [However, when assessing a motion to
> quash we must also consider the fact that] Rule 26(b)(1) provides that
> discovery need not be confined to matters of admissible evidence but
> may encompass that which "appears reasonably calculated to lead to
> the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

<u>Wright v. Montgomery County</u>, No. 96-4597, 1998 WL 848107, *2 (E.D. Pa. Dec.

4, 1998). Thus, in ruling upon objections to a subpoena, "this court is required to

apply the balancing standards-relevance, need, confidentiality and harm. And even

if the information sought is relevant, discovery is not allowed where no need is

shown, or where compliance is unduly burdensome, or where the potential harm

caused by production outweighs the benefit." <u>Mannington Mills, Inc. v. Armstrong</u>

<u>World Indus., Inc.</u>, 206 F.R.D. 525, 529 (D. Del. 2002). The court's evaluation of a

motion to quash a Rule 45 subpoena is also governed by shifting burdens of proof and persuasion. Accordingly, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." L.W. v. Lackawanna Cty., Pa., No. 3:14-CV-1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)).

When we are considering state agency records, like those at issue here, additional considerations must be taken into account. Such records are, by state statute, cloaked in some measure of confidentiality. In many settings, federal and state courts have recognized the important privacy interests fostered and protected by state law, and have therefore analyzed subpoena requests by considering whether the parties have fully complied with state confidentiality laws. See L.W., 2015 WL 1499865, at *1 (discussing V.B.T. v. Family Servs. of W. Pennsylvania, 705 A.2d 1325, 1327 (Pa. Super. 1998), aff'd sub nom. V.B.T. v. Family Servs. of W. Pennsylvania, 728 A.2d 953 (1999) and S.M. by R.M. v. Children & Youth Servs. of Delaware Cty., 686 A.2d 872, 877 (Pa. Commw. 1996)).

On this score, the parties direct our attention to the provisions of Pennsylvania's Administrative Code, which provide, in pertinent part that:

> Information in a protective services case record may not be disclosed, except as provided in this section.

5

(1) Information may be disclosed to a court of competent jurisdiction or under a court order. The protective service agency shall disclose case record information for the purpose of *in camera* review by the court.

6 Pa. Code § 15.105.

Guided by these legal benchmarks, at the outset we find that plaintiff's counsel has adequately explained the potential relevance of the subpoenaed information to the claims that lie at the heart of this lawsuit concerning whether Twin Cedars neglected, mistreated, or abused Mr. Hamill at the time of his sudden discharge from that facility. The results of any investigation, inquiry, or reports regarding this incident which is alleged to have led to the revocation of the facility's license would have obvious relevance in this case. Therefore, the threshold showing of relevance is met here by the plaintiff.

As we understand it, one of Pike County's principal concerns may be the confidentiality requirements of state law, as well as the breadth of the subpoena which sought all records pertaining to Mr. Hamill. We can address both of these concerns through the simple expedient of ordering that the subpoenaed documents be provided to the court for its *in camera* review prior to any release to the plaintiff. Following this path ensures adherence to state law, which authorizes release of documents pursuant to court order for an *in camera* review. This review also will address any lingering  overbreadth and relevance reservations by ensuring that only

relevant agency records are released to the plaintiff following our review. Accordingly, this is the course we will chart in the instant case.

An appropriate order follows:

## III.  **Order**

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED that the Pike County Area Agency on Aging motion to quash the subpoena served upon it (Doc. 25), is GRANTED, in part, and DENIED, in part, in that on or before **June 30, 2020**, the Pike County Area Agency on Aging will produce for the court's *in camera* inspection all responsive subpoenaed documents in its possession custody and control. The court will then conduct an *in camera* review of these records in order to determine what records, if any, are relevant and subject to release. Upon making such findings we will order the release of those relevant records which may exist.

So ordered this 16th day of June 2020.


*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge