# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE HAMILL,** | : | **CIV NO. 3:20-CV-231** |
| **Plaintiff,** | : | **(Judge Mariani)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **TWIN CEDARS SENIOR LIVING, LLC, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

This is a wrongful death-survivor action brought by Jeanne Hamill, who alleges that her spouse, Eugene Hamill, died as a result of neglect and negligence by the defendants. Specifically, Mrs. Hamill alleges that the defendants put in motion a series of events which led to her spouse's death when they peremptorily discharged Mr. Hamill, an elderly man who suffered from multiple disabling medical conditions, from their facility without proper medical support and sent him unescorted on a one-way Uber trip to his family. According to Hamill's complaint:

> In connection with this incident, Twin Cedars' license was revoked on December 20, 2018 for violating 55 Pa. Code § 2600.42(b), which states, in pertinent part, "a resident may not be neglected, intimidated, physically, or verbally abused, mistreated, subjected to corporal punishment, or disciplined in any way."

(Doc. 1, ¶ 7).

1

We previously considered a motion to quash a subpoena issued by the defendants and served upon the Pike County Area Agency on Aging ("Pike County"), an agency that allegedly played some role in the investigation into Eugene Hamill's discharge from this facility. (Doc. 25). That subpoena sought all agency records relating to Mr. Hamill. For its part, Pike County cited relevance and overbreadth concerns, as well as state statutory considerations regarding the confidentiality of agency records, as grounds to quash this subpoena.

On June 16, 2020 we entered an order that directed the Pike County Area Agency on Aging to produce for the court's *in camera* inspection all responsive subpoenaed documents in its possession custody and control for an *in camera* review by the court in order to determine what records, if any, are relevant and subject to release. (Doc. 40).

We received these records from the Pike County Area Agency on Aging in 10 separate tranches on August 15, 2020. Having conducted an *in camera* review of the records, IT IS ORDERED that the following documents, as identified by the agency in its transmissions to the court, shall be released in full:

| | |
|---|---|
| Care Plan logs | 22 pages |
| Miscellaneous Information | 52 pages |
| Care Plan log | 32 pages |
| RON 5-1-2018 | 6 pages |

| | |
|---|---|
| Medical Information | 18 pages |
| Consent for Protective Services | 8 pages |
| Legal documents | 3 pages |
| Consent for Release of Information | 22 pages |

IT IS FURTHER ORDERED that the submissions identified as "Financial Information" (166 pages) and Wayne CO1.pdf, (84 pages), which consist solely of the plaintiffs' bank record which may be secured by other means need not be produced by the Pike County Area Agency on Aging.

So ordered this 26th day of August 2020.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge