UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANNE HAMILL, Individually, and as EXECUTRIX, ad prosequendum for the ESTATE OF EUGENE HAMILL<br><br>V.<br><br>TWIN CEDARS SENIOR LIVING, LLC and TAMARA SINGER, Et. AL. | 03:20-cv-231-RDM/MCC<br>(Hon. Martin C. Carlson) |

**PLAINTIFF'S  MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT , ADD ADDITIONAL DEFENDANTS, AND FOR THE INJUNCTIVE AND EQUITABLE RELIEF SOUGHT IN PLAINTIFF'S APPLICATION FOR PREJUDGMENT  ATTACHMENT OF
PROPERTY AND OTHER EQUITABLE RELIEF**

Plaintiff, Jeanne Hamill, Individually, and as Executrix ad prosequendum for the Estate of Eugene Hamill, by and through her undersigned counsel, moves this Honorable Court pursuant to Rule 15 (a)(2) of the F.R.Civ. P. to allow her to amend the Second Amended Complaint dated and filed March 17. 2020, allow her to bring back the former defendants, Little Walker Holdings, LLC., and add new defendants, Jacob Gutman, Gary Rohinsky, Blaire Realty, LLC., and Shohola Realty, LLC.

Additionally, Plaintiff is requesting this Honorable Court grant her applications for prejudgment remedy attachments,  a preliminary injunction, an accounting of the proceeds of dissipated assets, an order requiring the Defendants Tamara Singer, Twin Cedars Senior Living LLC., and Blaire Realty, LLC deposit all remaining proceeds from the improper transfer of assets into an escrow account of the court, as well as all other assets currently in their possession, and an order voiding the transfer of the assets described in PLAINTIFF'S APPLICATION FOR

PREJUDGMENT ATTACHMENT OF REAL PROPERTY, ORDER TO SHOW CAUSE WHY

AN INJUNCTION PROHIBITING FURTHER TRANSFERS OF ASSETS, AND ORDER

VOIDING TRANSFERS OF PROPERTY SHOULD NOT ISSUE, ORDER FOR VOIDING

TRANSFER OF ASSETS and ORDER TO DEPOSIT ALL PROCEEDS FROM TRANSFER

OF ASSETS INTO THE COURT UNTIL FURTHER ORDER, pursuant to Rule 64 F.R.Civ. P.,

., 42 Pa. Cons. Stat. Ann. § 7501,  Title 12 Pa. Cons. Stat. Ch. 5104, and Ambrogi v. Reber, 932

A.2d 969 (Pa. Super. 2007),

## FACTS OF THE CASE

On August 19, 2019 Plaintiff, through her Attorney Timothy J. McIlwain, put the

Defendants Tamara Singer and Twin Cedars Senior Living, LLC., ("Twin Cedars") on notice of

a potential legal claim against them in the amount of fifteen million ($15,000,000.00) dollars due

to their treatment of the Plaintiff's deceased husband, Eugene Hamill, while he was under the

Defendant's care. (See Exhibit A in Support of Application for Prejudgment Remedy and other

injunctive relief being filed simultaneously with Plaintiff's Motion to Amend Complaint and

proposed amended complaint.)

On December 27, 2019 Defendant, Tamara Singer using her wholly owned limited

liability company, Blaire Realty, LLC.  transferred the real property located at 360-364 Little

Walker Road Shohola , Pennsylvania, the location of Twin Cedars Senior Living, LLC to

Shohola Realty, LLC.. (See Exhibits B1-B5 for  deed to property).

Shohola Realty, LLC is a domestic limited liability corporation incorporated in the

Commonwealth of Pennsylvania. Its sole organizers are the same organizers of Little Walker

Holdings, LLC, the purchaser of the other assets of Twin Cedars. (See Exhibit C-Corporate

Filing of Shohola Realty, LLC). Both Sholohla Realty, LLC and Little Walker Holdings, were

2

aware of the Plaintiffs' pending claim at the time of purchase yet bought the assets and real property anyway. [See Agreement of Sale Sec. 2 (g) Exhibit D1-12].

## LEGAL ARGUMENT

Rule 15 (a)(2) states "(a) AMENDMENTS BEFORE TRIAL. (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Respectfully, in this case, justice requires that Plaintiff be permitted to amend her complaint to include additional counts  for voidance of the transfer of the assets that occurred following notice of the claim, and for the prejudgment and other injunctive and equitable relief being requested in Plaintiff's Application. The objective evidence is that Defendants Tamara Singer and Twin Cedars, attempted to dissipate their assets, and thus deprive the defendant of an appropriate recovery prior to resolution of the instant case.

This procedure is permitted under Rule 64 F.R.Civ.P (a) which states "At the commencement of, and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property for satisfaction of the potential judgment. But a federal statute governs to the extent it applies." The Rule then specifies the kinds of remedies available. "(b) The remedies available under this rule include the following-however designated and regardless of whether state procedure requires an independent

action. Arrest, attachment, garnishment, replevin, sequestration, and other corresponding and equivalent remedies."

The remedies sought by Plaintiff are provided for in 42 Pa. Cons. Stat. Ann. § 7501 and Title 12 Ch. 5104. 42 Pa. Cons. Stat. Ann. § 7501states "Except as otherwise provided in subsection (b) [not relevant here,] property may be attached prior to judgment in the manner and to the extent provided by general rule."

Title 12 Ch. 5104 states in pertinent part:

> (a)(1) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:(1) with actual intent to hinder, delay or defraud any creditor of the debtor…

The statute then states in pertinent part, "(b) [i]n determining actual intent under Section. (a)(1) consideration may be given, among other factors,…(3) to whether (before the transfer was made, or the obligation incurred,) the debtor had been sued **or threatened with suit."** (Emphasis added.).

In the instant case all of the transfers of assets occurred after Defendant Singer, whether acting individually, or  through Twin Cedars, or Blaire Realty, LLC.,  was put on notice of a potential legal action.

The case of *Ambrogi v. Reber*, 932 A.2d 969 (Pa. Super. 2007), is directly on point with the case at bar. In *Ambrogi v. Reber*,  two people were seriously injured, and one person died in an apartment house fire. Plaintiffs filed a lawsuit, but similarly to plaintiff in the case at bar, feared the defendants were liquidating assets in order to make themselves "execution proof." Also, similarly to plaintiff in the instant case, defendants had an insurance policy of one million

($1,000,000.00) dollars. [1] The plaintiffs in *Ambrogi*, reasonably feared that the total insurance

coverage would be insufficient to appropriately compensate plaintiffs for their losses.

    The court granted the plaintiffs' request for injunctive relief prohibiting the defendants

from engaging in the liquidation of their assets.  The court further ordered:

> 1. Within ten (10) days of the date hereof, [Appellants] shall submit to the Court a complete list of all real property holdings in which they possess, in whole or in part, an actual or equitable ownership interest.
> 2. [Appellants] shall, within five (5) business days from the receipt of the gross proceeds derived from any and all sales, transfers, and/or assignments of any and all real property holdings in which they possess, in whole or in part, an actual or equitable ownership interest, deposit the receipts in their entirety in an interest bearing Court supervised escrow account, or face sanctions upon [Appellees'] further petition to the Court.
> 3. At all times thereafter, pending the conclusion of trial and entry of judgment and/or other final disposition of this litigation that may be determined by express agreement of the parties, [Appellants] hereby, and thereby are, required to, and shall, petition this Court for permission to make any withdrawals therefrom.
> 4. [Appellees] shall, within ten (10) days of the date of this Order, post bond in the amount of $500,000.00 (Five Hundred Thousand Dollars) with the Court of Common Pleas of Delaware County, Pennsylvania pursuant to Pennsylvania Rule of Civil Procedure 1531(b).

*Ambrogi v. Reber*, 2007 PA Super 278, ¶ 5, 932 A.2d at  973 (2007). [2]

    In the case at bar, Defendants, in spite of the express instructions of a state agency,

placed the Plaintiff's husband, in an Uber for a three-hour trip across state lines to New Jersey.

---

[1] Upon information and belief Plaintiff believes that defendants have total insurance of $1,400,000.00.

[2] The court modified the order slightly by allowing the defendants to sell properties, but all proceeds still had to be deposited into the court's escrow account. The court also reduced the bond from $500,000.00 to $100,000.00.

They gave the driver the husband's medication and medical instructions. During the journey, the husband aspirated into his oxygen mask. The driver continued to drive, however, and dumped the Plaintiff's decedent on the lawn of his daughter's house where he was ultimately discovered by his daughter. The Plaintiff's decedent then was transported by the family to a medical facility where he remained in persistent vegetative state for approximately a year before he passed away.[3]

Plaintiff, similarly, to the plaintiffs in Ambrogi v. Reber, reasonably believes that the defendant's insurance coverage will be insufficient to compensate her for the losses sustained by the defendants' egregious conduct.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court permit her to amend the operative  complaint in this action to include the claims for relief in her Application being filed simultaneously with the motion for leave to amend,  add new defendants Blaire Realty, LLC., Jacob Gutman, Gary Rohinsky,  and Shohola Realty, LLC, and bring back former defendant Little Walker Holdings, LLC/d/b/a Twin Cedar Senior Living.

Dated: This 14th day of June, 2021.

THE PLAINTIFF,
By *Robert E. Frankel,*
Robert E. Frankel, Esq.
PA Bar ID # 67962
*Timothy J. McIlwain*
Timothy J. McIlwain, Esq. (Pro Hac Vice)
NJ Bar ID # 010471996
McIlwain Law Firm
1635 Market Street, Suite 1600
Philadelphia, PA
Tel: (877) 375-9599
Fax: (609) 450-7017
Rfrankel@attorneymcilwain.com
tmcilwain@attorneymciwain.com

---

[3] See Paragraphs one through eight of Plaintiff's proposed Second Amended Complaint

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEANNE HAMILL, Individually, and as EXECUTRIX, ad prosequendum for the ESTATE OF EUGENE HAMILL

V.

TWIN CEDARS SENIOR LIVING, LLC and TAMARA SINGER

03:20-cv-231-RDM-MCC
(Hon. Martin C. Carlson)

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the Plaintiff's Application for prejudgment attachment and other injunctive, equitable relief, motion for leave to amend, memorandum of law in support of application and leave to amend, orders for injunctive relief, order to show cause why the requested relief should not be granted, and the plaintiff's sworn verification, was served on the following counsel of record for the Defendants Tamara B. Singer and Twin Cedars Senior Living, LLC by email transmission on this the 10th day of June, 2021.

Donald I Wall
Richard W Yost
Cipriani & Werner, PC
450 Sentry Parkway Suite 200
Blue Bell, PA 19422
610-567-0700
Email: dwall@c-wlaw.com
Email: ryost@c-wlaw.com

Defendants have been or will be served as follows:
Blaire Realty, LLC., through its sole organizer, Tamara B. Singer
360-364 Little Walker Lane
Shohola, PA 18458-2805

Shohola Realty, LLC,

7

and former defendant Little Walker Holdings, LLC/d/b/a Twin Cedar
Senior Living.
through its Organizers:

Jacob Gutman
Gary Rohinsky
1120 53rd Street
Brooklyn, NY 11219-3439

By United States Marshal

Dated This the 14th day of June 2021.

THE PLAINTIFF,

By *Robert E. Frankel*, Her Attorney
Robert E. Frankel, Esq.
PA Bar ID # 67962
McIlwain Law Firm
1635 Market Street, Suite 1600
Tel: (877) 375-9599
Fax: (609) 450-7017
rfrankel@attorneymcilwain.com

8