## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE M. HAMILL,** | : | **Civ. No. 3:20-CV-231** |
| **Individually and as Administratrix and** | : | |
| **Administratrix ad Prosequendum of the** | : | |
| **Estate of Eugene Hamill, Deceased,** | : | |
| | : | **(Judge Mariani)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **TWIN CEDARS SENIOR LIVING, LLC,** | : | |
| **d/b/a and a/k/a Twin Cedars** | : | |
| **Senior Living, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

This case comes before us for consideration of a defense motion for sanctions, which seeks the most severe and potentially outcome determinative of sanctions—the preclusion of evidence. (Doc. 142). The defendants seek this relief, citing the undisputed failure of plaintiff's counsel to timely comply with expert witness disclosure deadlines. These are grave errors that in our view warrant some sanctions. However, we recognize that this case involves claims arising out of a fatality, and we do not believe that the lawyer's error should redound to the detriment of the client.

Accordingly, for the reasons set forth below, in the exercise of our discretion, we will grant the motions for sanctions, in part, as follows: the motion to preclude testimony will be denied, but counsel are directed to prepare a revised case management plan to allow for completion of expert discovery, and the court will entertain a request by defense counsel to require plaintiff's counsel "to pay the reasonable expenses, including attorney's fees, caused by the failure" to provide timely and fulsome discovery. Fed. R. Civ. P. 37(d)(3).

## II.   **Background**

Jeanne Hamill brought this case on behalf of her deceased husband on February 10, 2020, and filed an amended complaint on March 17, 2020, which is currently the operative pleading in this case. (Doc. 17). The amended complaint alleges that Eugene Hamill became a resident of Twin Cedars on July 6, 2018. (Id., ¶ 20). Mr. Hamill had several serious medical diagnoses, including hypertension, atrial fibrillation, and coronary artery disease, among others, and was required to wear a cardiac life vest. (Id., ¶ 21). The complaint further alleges that on September 11, 2018, Twin Cedars made arrangements to discharge Mr. Hamill from the facility. (Id., ¶ 22). These arrangements allegedly included a three-hour Uber ride from Twin Cedars to Mr. Hamill's home in Toms River, New Jersey. (Id., ¶ 23). The complaint further alleges that Defendant Singer was responsible for these arrangements, and that she was told it was an unsafe discharge plan. (Id.) Nonetheless, Mr. Hamill was

2

discharged on September 11, 2018 and an Uber took him to his residence in Toms River.

During the trip to Toms River, Mr. Hamill began vomiting in the Uber and became unresponsive, and he required an EMS transport to Barnabas Health Community Center where he was intubated, put on a ventilator, and placed in the Intensive Care Unit. (Id., ¶¶ 25, 26). Mr. Hamill suffered a stroke and a heart attack. (Id.) Following treatment in the ICU, Mr. Hamill was transferred to a Skilled Nursing Facility, where he remained until he passed away just over a year later on September 26, 2019. (Id., ¶ 28).

Jeanne Hamill then brought suit against the defendants, alleging claims of negligence, wrongful death, and a survival action against the defendants. The parties have engaged in a protracted, and often contentious, course of discovery. According to the defendants' current sanctions motion, the plaintiff has defaulted on her discovery obligations by providing inadequate responses to some discovery in November of 2020, by failing to timely schedule depositions in March of 2022, and by failing to make timely disclosures of expert witnesses by the June 2022 deadline prescribed by the court. (Doc. 142, at 2). While plaintiff's counsel has some disputes regarding deposition scheduling and the sufficiency of November 2020 discovery disclosures, with respect to the failure to make timely disclosure of expert witnesses, it seems undisputed that plaintiff's counsel did not comply with our scheduling

order.

This failure to provide timely expert discovery is potentially highly prejudicial to the plaintiff's case. Indeed, that prejudice is illustrated by the fact that the defendants have moved for summary judgment, arguing in part that the plaintiff's case fails as a matter of law due to the plaintiff's failure to provide expert support for her claims. (Doc. 150). In the face of this potential harm to his client's case, while plaintiff's counsel has provided an explanation for this default rooted in some personal hardships, he has not provided an excuse for this delay, beyond noting that he has now made tardy expert witness disclosures. Nonetheless, these tardy disclosures, if accepted by the court, would now compel additional cost and expense by the defendants, who may well seek to depose the plaintiff's expert and secure their own expert witnesses to respond to these belated disclosures.

It is on these facts that the defendants invite us to preclude this evidence as a discovery sanction. While we find that discovery defaults have occurred,  we are mindful that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977). Therefore, the motion to preclude testimony will be denied, but counsel are directed to prepare a revised case management plan to allow for completion of expert discovery, and the court will

entertain a request by defense counsel to require plaintiff's counsel "to pay the reasonable expenses, including attorney's fees, caused by the failure" to provide timely and fulsome discovery. Fed. R. Civ. P. 37(d)(3).

### III.   <u>Discussion</u>

The guiding principles governing preclusion of evidence as a discovery sanction are familiar and emphasize the court's broad discretion. Rulings regarding the proper scope of discovery are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Likewise, it is well settled that:

> The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court. <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam) ..... While this standard of review is deferential, a district court abuses its discretion in imposing sanctions when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Cooter & Gell v. Hartmarx Corp</u>., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

<u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 475 F.3d 524, 538 (3d Cir. 2007).

This discretion is guided, however, by certain basic principles. For example, Rule 37 of the Federal Rules of Civil Procedure provides that: "If a party.... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," and specifies an array of available sanctions, which

include preclusion of evidence and   striking   of   pleadings. Fed.   R.   Civ.   P.

37(b)(2)(A).   Yet,   while   the sanction of   exclusion   of evidence is   available   as   a

remedy for discovery violations, it is also clear that:

> Courts   in   the   Third   Circuit   should   exercise   particular   restraint   in
> considering motions to exclude evidence. See In re TMI Litig., 922 F.
> Supp. 997, 1003–04 (M.D. Pa. 1996); DiFlorio v. Nabisco Biscuit Co.,
> 1995 WL 710592 at *2 (E.D. Pa. Nov. 13, 1995) ("Unfortunately, the
> courts   of   this   circuit   are   not   free   to   exercise   the   full   range
> of sanctions for discovery abuses authorized by the Rules."). The Third
> Circuit has, on several occasions, manifested a distinct aversion to the
> exclusion of important testimony absent evidence of extreme neglect or
> bad faith on the part of the proponent of the testimony. See In re Paoli
> R.R. Yard PCB Litig., 35 F.3d 717, 791–92 (3d Cir. 1994), cert. denied,
> 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995); Meyers v.
> Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir.
> 1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113
> (3d Cir. 1985), aff'd, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572
> (1987); Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir.
> 1977).     "[T]he     exclusion     of     critical evidence is     an
> 'extreme' sanction not normally to be imposed absent a showing of
> willful deception or 'flagrant disregard' of a court order...." Pennypack,
> 559 F.2d at 905 (citation omitted).

ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co., 167 F.R.D. 668, 671–72

(D.N.J. 1996). See Thompson v. Bridon-Am. Corp., No. 3:17-CV-40, 2018 WL

4616244, at *1–2 (M.D. Pa. Sept. 26, 2018).

Accordingly, in practice, the Court of Appeals has set forth several factors for

courts to consider when deciding whether the exclusion of evidence is an

appropriate sanction:

> (1)   the   prejudice   or   surprise   of   the   party   against   whom   the
> excluded evidence would have been admitted; (2) the ability of the

party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). The Court has supplemented this list of factors to also include: "(5) 'the importance of the excluded testimony' and (6) the party's explanation for failing to disclose." Dzielak v. Whirlpool Corp., 2017 WL 1034197, at *29 (D.N.J. Mar. 17, 2017) (citing Konstantopoulos, 112 F.3d at 719).

However, in all instances we are reminded that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers, 559 F.2d at 905 (internal citations omitted); Dzielak, 2017 WL 1034197, at *29. See R.D. v. Shohola, Inc., No. 3:16-CV-01056, 2019 WL 5424199, at *2 (M.D. Pa. Oct. 23, 2019).

In this case, we are confronted by litigation involving an alleged fatality due to negligence and neglect in the care of an elderly man entrusted to the defendants. Few allegations are more grave than those set forth in this complaint. The evidence which the defendants seek to preclude could be crucial to these claims. Therefore, counsel's error could have a profound prejudicial impact upon the plaintiff if we adopted this harshest of sanctions and totally precluded this evidence. This

consideration weighs against imposition of this most severe of sanctions.

On the other hand, while the defendants are undoubtedly prejudiced to some degree by the tardy disclosure of this information, we have the ability to cure this prejudice in large measure by allowing the defense to pursue expert discovery, and by compelling plaintiff's counsel to pay reasonable expenses, including attorney's fees, caused by the failure to provide timely and fulsome discovery. Moreover, we note that this case is not yet scheduled for trial so there remains ample time in which to mitigate this prejudice to the defense. In addition, we find that the discovery defaults by plaintiff's counsel, while grave, were not done willfully. Rather, it appears that counsel simply neglected to fulfill some professional obligations due to other pressing personal concerns. In our view, on these facts exclusion of evidence—a sanction which punishes the client—would not be an appropriate response to counsel's neglect.

Therefore, taking all of these factors into consideration, and mindful of the fact that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence," Meyers, 559 F.2d at 905, the motion to preclude this evidence will be denied but the court will entertain a request by defense counsel to require plaintiff's counsel "to pay the reasonable expenses, including

attorney's fees, caused by the failure" to provide timely and fulsome discovery. Fed.

R. Civ. P. 37(d)(3).

An appropriate order follows.[1]

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: November 9, 2022

---

[1] We recognize that this sanctions motions is closely related to the defendants' summary judgment motion, (Doc. 150), since that summary judgment motion relies in part upon the plaintiff's failure to timely adduce expert opinion evidence in support of her claims. Accordingly, should the defendants seek district court review of this opinion and order they may also wish to request that the court stay further consideration of this summary judgment motion pending resolution of this related discovery matter.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE M. HAMILL,** | : | **Civ. No. 3:20-CV-231** |
| **Individually and as Administratrix and** | : | |
| **Administratrix ad Prosequendum of the** | : | |
| **Estate of Eugene Hamill, Deceased,** | : | |
| | : | **(Judge Mariani)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **TWIN CEDARS SENIOR LIVING, LLC,** | : | |
| **d/b/a and a/k/a Twin Cedars** | : | |
| **Senior Living, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 9th day of November, 2022, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the defendants' motion for sanctions including to preclude evidence, (Doc. 142) is GRANTED in part and DENIED in part as follows: The motion to preclude testimony is DENIED, but counsel are DIRECTED by **November 30, 2022** to prepare a revised case management plan to allow for completion of expert discovery, and defense counsel may file a motion requesting that plaintiff's counsel "to pay the reasonable expenses, including attorney's fees, caused by the failure" to provide timely and fulsome discovery, Fed. R. Civ. P. 37(d)(3), on or before **November 30, 2022**.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge