## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANNE M. HAMILL,** | : | **Civ. No. 3:20-CV-231** |
| **Individually and as Administratrix and** | : | |
| **Administratrix ad Prosequendum of the** | : | |
| **Estate of Eugene Hamill, Deceased,** | : | |
| | : | **(Judge Mariani)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **TWIN CEDARS SENIOR LIVING, LLC,** | : | |
| **d/b/a and a/k/a Twin Cedars** | : | |
| **Senior Living, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

The background of this order is as follows:

This is an action brought by Jeanne Hamill on behalf of her deceased husband, Eugene Hamill, arising out of Mr. Hamill's discharge from Twin Cedars Senior Living facility in September of 2018 and his subsequent death in September of 2019. The amended complaint alleges that Mr. Hamill was discharged by Defendant Singer from Twin Cedars against medical advice, placed in an Uber for a three-hour ride to his home in Toms River, New Jersey, during which he suffered a heart attack and a stroke and was taken to the hospital. Mr. Hamill was subsequently transferred to a

skilled nursing facility, where he remained until his death in September of 2019. The amended complaint alleges claims of negligence, wrongful death, a survival action, and a claim under Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), against Defendants Singer and Twin Cedars. The amended complaint further asserts a claim for fraudulent transfer against all of the defendants, which alleges that Little Walker Holdings, LLC, Shohola Realty, Gutman, and Rohinsky (the "Little Walker defendants") knew of the plaintiff's claims against Twin Cedars when they acquired the property from Singer.

The defendants have filed motions for summary judgment. (Docs. 150, 151). These motions, in part, argue that the plaintiff has not shown that the transfer of Twin Cedars to the Little Walker defendants was fraudulent under Pennsylvania's Uniform Voidable Transfer Act ("PUVTA"), 12 Pa. Cons. Stat. § 5101 *et seq.* Following the filing of these motions, the plaintiff's counsel moved to depose the individual defendants and a corporate designee of the corporate defendants. (Doc. 196, 206). There is also some indication that counsel intends to depose Defendants Gutman, Rohinsky, and corporate designees of Little Walker and Shohola. (See Doc. 206). The defendants objected to these depositions, as they contend that counsel noticed these depositions after the close of fact discovery. We granted the plaintiff's request to depose these individuals, recognizing the need to develop the factual underpinnings of this transfer. (Doc. 213).

Following our order lifting the stay of discovery and ordering these depositions to take place, counsel filed competing letters regarding Defendant Singer's pending motion for judgment on the pleadings (Doc. 210) and the need to file a response to that motion in light of our order. (Docs. 214, 215).

Accordingly, IT IS HEREBY ORDERED THAT consideration of the motion for judgment on the pleadings will be STAYED pending the close of additional discovery and the filing of supplemental briefs regarding the pending motions for summary judgment. The Court will take up the issues related to the alleged fraudulent transfer in the context of these summary judgment motions following the parties' depositions and filing of supplemental briefs.

So ordered this 18th day of July 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge