UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANNE M. HAMILL,<br><br>        Plaintiff<br><br>        v.<br><br>TWIN CEDARS SENIOR LIVING, LLC., et al.,<br><br>        Defendants. | CIVIL ACTION NO. 3:20-CV-00231<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Jeanne M. Hamill ("Plaintiff") initiated this action by filing a complaint asserting personal injury, wrongful death, and survival claims against Twin Cedars Senior Living, LLC ("Twin Cedars"), Tamara B. Singer ("Singer"), John/Jane Doe Attorney, and Little Walker Holdings, LLC ("Little Walker") as the administratrix of her late husband, Eugene Hamill's estate. (Doc. 1; Doc. 155, at 1). Before the Court is the Report and Recommendation (the "Report") of the Honorable Magistrate Judge Martin C. Carlson addressing a motion to dismiss the operative second amended complaint (Doc. 120) filed by Defendants Little Walker, Shonda Realty, LLC ("Shonda Realty"), Jacob Gutman ("Gutman"), and Gary Rohinsky ("Rohinsky") (collectively, "Moving Defendants"). (Doc. 155). The Report recommends the motion to dismiss be granted. (Doc. 155). The Court agrees with the conclusions set forth in the Report. (Doc. 155). Accordingly, the motion to dismiss will be **GRANTED** and Plaintiff's objections will be **OVERRULED**.

**I.    BACKGROUND**

This case arises from the death of Eugene Hamill as he was being discharged from Twin Cedars. (Doc. 109, ¶¶ 24, 26, 29-20). The Report identifies a recurring theme in this

litigation, Plaintiff's attempts to "extend liability in this case to parties who had no involvement in the events which allegedly resulted in Eugene Hamill's injuries and death." (Doc. 155, at 1). Through such attempts, Moving Defendants have been subjected to this action. (Doc. 155, at 2-3).

Since the Report explains the factual background of this case in detail, this Court will only detail here what is relevant for the purposes of this Memorandum. (Doc. 155, at 2-5). At issue before the Court is Count VIII of the second amended complaint, in which "[P]laintiff seeks to void the December 2019 sale of the Twin Cedars facility to Little Walker Holdings, LLC," in essence asserting a claim for fraudulent conveyance. (Doc. 109, at 22; Doc. 155, at 4). This Court agrees with the Report that "[w]hile it is not entirely clear from the second amended complaint; it appears that the plaintiff asserts this fraudulent transfer claim pursuant to Pennsylvania's Uniform Fraud Transfer Act ("PUVTA"). 12 Pa. Cons. Stat. § 5104." (Doc. 155, at 4). Whereas the PUVTA is not cited in the second amended complaint, the parties base their arguments for the instant motion on the statute. (Doc. 121, at 13-18; Doc. 129, at 17-18).

Magistrate Judge Carlson issued the Report granting Moving Defendants' motion to dismiss on August 8, 2022. (Doc. 155). On August 18, 2022, Plaintiff timely filed her objections as well as a memorandum in support. (Doc. 159; Doc. 159-1). On September 1, 2022, Moving Defendants filed a brief in opposition to Plaintiff's objections. (Doc. 166). Accordingly, this matter is ripe for discussion.

II. LEGAL STANDARDS

    A. DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

  B. Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the

3

assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

4

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    C.  A<small>VERMENTS OF</small> F<small>RAUD</small> U<small>NDER</small> F<small>ED</small>. R. C<small>IV</small>. P. 9(<small>B</small>)

Rule 9(b) of the Federal Rules of Civil Procedure provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). Accordingly, "[p]ursuant to Rule 9(b), a plaintiff averring a claim in fraud must specify 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). "Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd.*

*Secs. Litig.*, 135 F. Supp. 2d 551, 577 (D.N.J. 2001)); *Animal Sci. Prod., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 878 (D.N.J. 2008).

**III. DISCUSSION**

The Report concludes that Plaintiff's fraudulent transfer claim fails because the second amended complaint does not meet Rule 9's particularity requirement. (Doc. 155, at 16, 19). Additionally, the Report concludes that, with respect to the individual Defendants Gutman and Rohinsky, the "threadbare allegations in the second complaint" do not support "the extraordinary remedy of piercing the corporate veil." (Doc. 155, at 21). Plaintiff makes several objections to the Report. (Doc. 159-1, at 2). First, Plaintiff contends there is sufficient evidence to proceed on her fraudulent conveyance claim. (Doc. 159-1, at 10-14). Second, Plaintiff raises a new argument that Defendant Little Walker is not a good faith purchaser for value. (Doc. 159-1, at 14-16). Lastly, Plaintiff avers that piercing the corporate veil is appropriate in this case. (Doc. 159-1, at 16-18).

A. PLAINTIFF'S FRAUDULENT CONVEYANCE CLAIM

The Report concludes that because Plaintiff "insists that she is proceeding on a theory of actual fraud," she must satisfy Rule 9's requirement to "plead with particularity the circumstances constituting fraud or mistake." (Doc. 155, at 18) (quoting Fed. R. Civ. P. 9(b)). To satisfy her pleading burden under the PUVTA, Plaintiff must allege well-pleaded facts asserting specific "badges of fraud," "boilerplate and conclusory allegations will not suffice." (Doc. 155, at 18-19) (quoting 12 Pa. Cons. Stat. § 5104 (b); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)). In this case, the Report supplies Plaintiff has failed to meet her burden. (Doc. 155, at 19). This Court agrees.

6

In her objections, Plaintiff fails to address the Report's conclusions regarding her failure to meet Rule 9's particularity requirement. (Doc. 159-1). Instead, she asserts the following is "sufficient evidence [sic] to overcome dismissal pursuant to F.R.Civ.P. 12(b)(6):" misrepresentations in the Agreement of Sale between Defendant Tamara Singer and Little Walker, the fact that Defendant Signer "probably" continued possession of the property and involvement in the facility despite its license to operate being revoked, and "other factors already alluded to" which are unclear to the Court. (Doc. 159-1, at 13). In opposition, Moving Defendants argue that neither the second amended complaint nor any additional documents that may be properly considered at this juncture "contain facts sufficient to state a plausible claim under the PUVTA." (Doc. 166, at 18-19). Moving Defendants also aver that the second amended complaint is deficient because it "does not even directly assert that the defendants acted with fraudulent intent" or "plausibly allege any circumstantial 'badges of fraud' under 12 Pa. Cons. Stat. § 5104(b)[.]" (Doc. 155, at 19; Doc. 166, at 10, 21). Instead, Moving Defendants assert that Plaintiff's objections have "no legal basis, and have nothing to do with Judge Carlton's [sic] actual report and recommendations." (Doc. 166, at 8).

Plaintiff's objections as they relate to the sufficiency of her fraudulent conveyance claim will be overruled. First, as the Report correctly concludes, the second amended complaint does not state with particularity circumstances constituting fraud. (Doc. 109); Fed. R. Civ. P 9(b). Second, Plaintiff has failed to address this conclusion, making no reference to the Report or Rule 9 in her objections. (Doc. 159-1). Third, and most pertinent here, in making her objections, Plaintiff relays new facts not contained in her second amended complaint and new arguments not contained in her brief in opposition to the instant motion to dismiss. (Doc. 109; Doc. 129). These include her assertions regarding misrepresentations in the Agreement

7

of Sales and Singer's "probable continued possession" of Twin Cedars after the revocation of its operations license. (Doc. 159-1, at 10-12). Typically, the "interests of judicial economy weigh against allowing a party to raise a new issue in objection to a Magistrate Judge's report and recommendation that was not raised before the Magistrate Judge." *Witmer v. Gallagher & Co.*, No. 1:08-cv-1329, 2009 WL 904877, at * 3 (M.D. Pa. Mar. 31, 2009) (citing *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988). Consideration of new arguments in a party's objections is especially inappropriate when the new arguments could have been previously raised. *Seldon v. Wetzel*, No. 1:19-CV-90, 2021 WL 2327508, at *2 (W.D. Pa. June 8, 2021); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (acknowledging that district courts have discretion not to consider novel arguments raised in objections because "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the Magistrate Judge's consideration of the matter and would not help to relieve the workload of the district court."). Accordingly, because Plaintiff has failed to object specifically to the Report's findings, opting instead to purport novel arguments that could have been previously raised, Plaintiff's objections as they relate to the sufficiency of her fraudulent conveyance claim allegations are overruled.[1] *See Brandon v. Nazorovich*, No. 2:02CV343, 2008 WL 906566, at *4 (W.D. Pa. Apr. 3, 2008) (Finding "parties may not raise new arguments or issues at the district stage that were

---

[1] In her objections, Plaintiff states "[i]t should also be noted that in as much as Defendant Little Walker is seeking sanctions from Plaintiff for this litigation, it is black letter law that it is required to take every reasonable step to mitigate its alleged damages." (Doc. 159-1, at 13). According to Moving Defendants, "Plaintiff's assertion that Little Walker Defendants are seeking sanctions from Plaintiff is false." (Doc. 166, at 25). As Moving Defendants deny they are moving for sanctions, the Court will not review this alleged sanctions argument/request.

not presented to the Magistrate Judge." (quoting *Ward v. United States*, 208 F.3d 216, 2000 WL 282648, at *1 (6th Cir.2000))).

### B. LITTLE WALKER AS A GOOD FAITH PURCHASER

In her objections, Plaintiff states, "Little Walker[] has contended throughout these proceedings, that essentially, they are a 'good faith purchaser for value.'" (Doc. 159-1, at 14). As noted by Moving Defendants, "Plaintiff's argument that Little Walker is not 'a good faith purchaser for value' was immaterial to Judge Carlson's recommendation, and presents no basis for objection." (Doc. 166, at 26) (formatting modified). This Court agrees, again noting that Plaintiff's attempts to resort to unpleaded facts and novel arguments at this juncture are inappropriate. "[P]arties who litigate before a Magistrate Judge must raise any and all arguments before the Magistrate Judge, or waive their right to assert the arguments before the district court on appeal." *Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 135, 142 (D.N.J. 1998). Objections that present new arguments and facts instead of responding directly to the Magistrate Judge's findings will not be considered. *See Swint v. Oliver*, No. CV 23-232, 2024 WL 230282, at *1 (W.D. Pa. Jan. 22, 2024) ("[T]hese matters were not before [the Magistrate Judge] when he made his recommendation, and have been presented here, for the first time, on objections. Thus, they will not be considered."). Accordingly, Plaintiff's "good faith purchaser" arguments will not now be considered and any objection based thereon is overruled.

### C. PIERCING THE CORPORATE VEIL

Recommending dismissal of the individual claims against Gutman and Rohinsky, the Report provides that when "a request to pierce the corporate veil is unaccompanied by well-pleaded facts justifying this relief, courts have frequently granted motions to dismiss based

solely upon a speculative invitation to discount the corporate form." (Doc. 155, at 121-122). The Court understands Plaintiff's objection regarding this finding to be as follows: Because the allegedly fraudulent transfer of Twin Cedars to Little Walker occurred on December 4, 2019, before Little Walker was formed on December 16, 2019, Gutman may be held personally liable. (Doc. 159-1, at 16-18). Because Gutman was likely acting on Rohinsky's behalf, Rohinsky may also be held personally liable. (Doc. 159-1, at 18). In making this argument, Plaintiff cites to Florida state law and summarily provides two of the requisite elements for piercing the corporate veil are met in this case: "the corporate formalities were not observed, and there are no other directors (or in the present case managers), except for Defendants Gutman and Rohinsky." (Doc. 159-1, at 17-18); *see Presley v. Ponce Plaza Assocs.*, 723 So. 2d 328 (Fla. Dist. Ct. App. 1998).

Moving Defendants respond that the second amended complaint "makes no suggestion of a veil piercing theory." (Doc. 166, at 17). Also, that Little Walker was formed in August 2019, not December 2019, but regardless, the timing in which Little Walker was formed is "immaterial as to whether the veil should be pierced, and does not speak to any material factor," of the piercing the corporate veil analysis. (Doc. 166, at 29). Further, that Plaintiff has failed to plead any allegations sufficient to pierce the corporate veil to hold Gutman and Rohinsky personally liable. (Doc. 166, at 27). Again, the Court agrees.

According to the Report, the "second amended complaint is completely devoid of any well-pleaded facts which would justify the extraordinary remedy of piercing the corporate veil. There are simply no factual averments which would suggest that the corporate form of Little Walker Holdings, LLC, should be disregarded." (Doc. 155, at 21). To pierce the corporate veil under Pennsylvania law, the Court must consider whether there is:

"undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetuate a fraud.'" *Chaleplis v. Karloutsos*, No. 21- 1492, 2022 WL 95691, at *13 (E.D. Pa. Jan. 10, 2022) (citing *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). Upon review of the second amended complaint, this Court concurs with the Report that Plaintiff offers no averments beyond conclusory allegations to support that piercing the corporate veil is appropriate in this case. In her objections, Plaintiff fails to cite any allegations from her second amended complaint to suggest otherwise. Accordingly, Plaintiff's objections relating to piercing the corporate veil are overruled.

## IV. CONCLUSION

The court has reviewed the Report and Recommendation of Magistrate Judge Carlson and agrees with its conclusions. (Doc. 155). The Report is therefore adopted as the decision of this Court. Plaintiff's Objections to the Report are **OVERRULED**. (Doc. 155; Doc. 159). Defendants' motions to dismiss is **GRANTED**. (Doc. 120). Moving Defendants are **DISMISSED** from this action. An appropriate Order follows.

**BY THE COURT:**

**Date: March 14, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**