UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANNE M. HAMILL,<br><br>              Plaintiff<br><br>   v.<br><br>TWIN CEDARS SENIOR LIVING,<br>LLC., et al.,<br><br>              Defendants. | CIVIL ACTION NO. 3:20-CV-00231<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Jeanne M. Hamill ("Plaintiff") initiated this action by filing a complaint asserting personal injury, wrongful death, and survival claims against Twin Cedars Senior Living, LLC ("Twin Cedars"), Tamara B. Singer ("Singer"), John/Jane Doe Attorney, and Little Walker Holdings, LLC ("Little Walker") as the administratrix of her late husband Eugene Hamill's estate. (Doc. 1; Doc. 240, at 1). On December 13, 2021, she filed the operative second amended complaint, asserting the same claims plus Count VIII, a fraudulent asset transfer claim, asserted against Singer, Twin Cedars, Blaire Realty, Little Walker, Shonda Realty, LLC ("Shonda Realty"), Jacob Gutman ("Gutman"), and Gary Rohinsky ("Rohinsky") (collectively, "Defendants"). (Doc. 109). This matter was reassigned to the undersigned district judge on February 12, 2024.

Before the Court is the Report and Recommendation (the "Report") (Doc. 240) of the Honorable Magistrate Judge Martin C. Carlson addressing (1) a motion for summary judgment filed by Defendants Little Walker, Shonda, Gutman, and Rohinsky (collectively, "Little Walker Defendants") (Doc. 151); (2) a motion for summary judgment filed by Singer, Twin Cedars, and Blaire Realty, LLC ("Blaire Realty") (Doc. 150); and (3) a motion for

judgment on the pleadings also filed by Singer, Twin Cedars, and Blaire Realty (Doc. 210). The Report recommends (1) that the motions for summary judgment be granted with respect to the fraudulent asset transfer claim, and that Little Walker Defendants be dismissed, (Doc. 150; Doc. 151; Doc. 240); (2) that Singer's motion for judgment on the pleadings with respect to the fraudulent asset transfer claim be denied as moot, (Doc. 210; Doc. 240); and (3) that Singer and Twin Cedar's motion for summary judgment on Plaintiff's negligence, wrongful death, and survivor claims be denied. (Doc. 150; Doc. 240). The Court agrees with the conclusions set forth in the Report insofar as they relate to active motions and parties currently involved in the litigation.[1] (Doc. 240). Accordingly, Plaintiff's objections will be **OVERRULED** and the Report will be **ADOPTED**.

I. **BACKGROUND**

This case arises from the death of Eugene Hamill ("Mr. Hamill") as he was being discharged from Twin Cedars. (Doc. 109, ¶¶ 24, 26, 29-20; 150-2, ¶ 2; Doc. 173-1, ¶ 2). The Report identifies a recurring theme in this litigation, Plaintiff's attempts to "extend liability in this case to parties who had no involvement in the events which allegedly resulted in [Mr. Hamill's] injuries and death." (Doc. 240, at 2). Since the Report explains the factual background of this case in detail, this Court will only detail here what is relevant for the purposes of this Memorandum. (Doc. 240, at 3-13). Plaintiff's operative second amended

---

[1] On August 8, 2022, Judge Carlson issued a Report and Recommendation ("2022 Report") addressing Little Walker Defendants' motion to dismiss. (Doc. 120; Doc. 155). On September 20, 2023, while the 2022 Report was still pending before this Court, Judge Carlson issued the instant Report, addressing Little Walker Defendants' motion for summary judgment. (Doc. 151; Doc. 240). On March 14, 2024, this Court adopted the 2022 Report, and dismissed Count VIII, and Little Walker Defendants from this action. (Doc. 155; Doc. 258). Accordingly, as Little Walker Defendants have been previously dismissed from this action, their motion for summary judgment is **DENIED as moot**. (Doc. 151).

2

complaint asserts personal injury, wrongful death, and survival act negligence claims as well as a fraudulent asset transfer claim. (Doc. 109). The Report indicates that "there have been a series of grave discovery delinquencies by the plaintiff in the course of this litigation." (Doc. 240, at 10). These discovery failures include "neglect and failure to comply with court orders in a timely fashion; unexcused failures to produce evidence; and an inexplicable and potentially prejudicial neglect of expert witness disclosure deadlines." (Doc. 240, at 10). Accordingly, before the Court is an "essentially uncontested factual record which refutes" Plaintiff's fraudulent asset transfer claim. (Doc. 240, at 11).

On September 20, 2023, Magistrate Judge Carlson issued the Report, recommending this Court grant Singer, Twin Cedars, and Blaire Realty's motion for summary judgment in part as it relates to the fraudulent asset transfer claim and that this Court deny the motion as to the negligence claims. (Doc. 240). On October 3, 2023, Plaintiff timely filed her objections to the Report. (Doc. 241). On October 17, Little Walker Defendants and Defendants Singer, Twin Cedars, and Blaire Realty filed their respective briefs in opposition to Plaintiff's objections. (Doc. 242; Doc. 243). Accordingly, this matter is ripe for discussion.

**II.    LEGAL STANDARDS**

    A.    DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28

3

U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." Goney v. Clark, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

    B.    MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule

4

56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. *Morrison v. United States*, No. 1:20-CV-01571, 2021 WL 4192086, at *3 (M.D. Pa. Sept. 15, 2021) (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants")).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to

5

a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

      C.     MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Granting a 12(c) motion results in a determination on the merits at an early stage in the litigation," and thus, the movant is required " 'to clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.' " *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion,

6

construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); Thus, to survive a 12(c) motion, the complaint must contain sufficient factual matter to show that the claim is facially plausible, enabling the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

"In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017) (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). When adjudicating a motion for judgment on the pleadings, the court should generally consider only those allegations contained in the complaint, as well as "documents that are attached to or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (court may consider "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record.").

### III. DISCUSSION

The Report concludes that Plaintiff's fraudulent transfer claim fails because of pleading and evidentiary shortcomings. (Doc. 240, at 23). As for Plaintiff's negligence claims, the Report notes her grave discovery errors, including "tardy and halting" expert medical

opinions, but declines to exclude the untimely expert reports because in cases involving fatalities, "the lawyer's error should [not] redound to the detriment of the client." (Doc. 240, at 28). The Report additionally recommends that summary judgment be denied as to Plaintiff's negligence claims because the record demonstrates that Singer played an "active," not merely passive role in the events leading to Mr. Hamill's death. (Doc. 240, at 28-29).

    A.    PLAINTIFF'S FRAUDULENT TRANSFER CLAIM

According to the Report, Plaintiff's "fraudulent transfer claim encounters insurmountable problems of proof" because Plaintiff has "appeared to have engaged in virtually no discovery to support these claims, despite having been put on notice by the court that there was a paucity of proof with respect to these fraudulent transfer of asset claims" and "the undisputed evidence undermines this claim of fraud." (Doc. 240, at 23). This Court agrees.[2]

Section 5104 sets out the elements of a PUVTA fraudulent transfer claim. *See* 12 Pa. Cons. Stat. Ann. § 5104. It provides the following:

> (a) General rule.—A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>     (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
>     (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

---

[2] The Report also concludes that Plaintiff's fraudulent asset transfer claim fails because of pleading defects under a motion to dismiss standard. (Doc. 240, at 23). As noted *supra n.1*, Judge Carlson addresses motion to dismiss standard because at the time he issued the instant Report, Little Walker Defendants' motion to dismiss this claim was still pending. (Doc. 120). That motion has since been granted. (Doc. 257; Doc. 258). Therefore, the only remaining issue before this Court is whether Defendants have pointed to sufficient proof in the record to demonstrate that no reasonable juror could conclude Plaintiff has met her burden as to the fraudulent asset transfer claim. (Doc. 150; Doc. 240, at 23).

> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa. Cons. Stat. Ann. § 5104.

The Third Circuit has stated that plaintiffs also must prove an additional element: that the plaintiff was prejudiced by the alleged fraudulent transfer. *See Voest-Alpine Trading USA Corp. v. Vantage Steel Corp.*, 919 F.2d 206, 214 (3d Cir. 1990) ("The third requirement for finding a fraudulent conveyance is that creditors have been prejudiced by the transaction in question"). PUVTA requires that a plaintiff making a fraudulent transfer claim prove the elements by a preponderance of the evidence. 12 Pa. Cons. Stat. Ann. § 5104(c) ("A creditor making a claim for relief under subsection (a) has the burden of proving the elements of the claim for relief by a preponderance of the evidence").

In her objections, Plaintiff fails to address the Report's assertion that she has engaged in almost no discovery to support her fraudulent asset transfer claim. (Doc. 240, at 10; Doc. 241). Plaintiff seems to assert her fraudulent transfer claim pursuant to Pennsylvania's Uniform Fraud Transfer Act ("PUVTA"), without expressly identifying the statute. 12 Pa. Cons. Stat. § 5104. Plaintiff alleges that the transaction was finalized after she sent a demand letter to Singer and Twin Cedars. (Doc. 109, ¶¶ 84-86, 88; Doc. 240, at 9). From these allegations, Plaintiff appears to ask this Court to infer that the transfer was an attempt to avoid judgment in this matter. (Doc. 109, ¶¶ 84-86; Doc. 240, at 9). In doing so, she is also asking the Court to disregard that Singer was engaged in the advertisement and sale process for Twin Cedars long before Plaintiff sent the demand letter. (Doc. 86-2, at 3; Doc. 109, ¶¶ 84-86; Doc. 240, at 9).

9

Without citing to the record, Plaintiff argues that "the defense has gone to [. . .] extraordinary lengths to obstruct [] Plaintiff from obtaining objective proof that Defendant Singer remained in possession and control of the premises" after the transfer. (Doc. 241, at 5). According to Plaintiff, this should weigh in favor of allowing her claim to move past the summary judgment stage. (Doc. 241, at 5). She further contends that the record contains evidence supporting a reasonable inference that Singer "remained in possession and control of the premises subsequent to the alleged 'transfer' of the assets." (Doc. 241, at 5). Singer, Twin Cedars, and Blaire Realty dispute Plaintiff's objections, arguing that there is no evidence in the record that Singer intended to defraud Plaintiff "from the mere fact that the transfer occurred after she received the [d]emand [l]etter," that she remains in possession or control of Twin Cedars after the transfer, or that she intended to use the transfer to hide her assets. (Doc. 243, at 7, 11-12). They further submit that the purchase price of over $5,000,000, as well as the "structure and complexity of the Agreement underscore that the transaction concerned two sophisticated parties involved in an arms-length negotiation." (Doc. 243, at 9).

Plaintiff's objections will be overruled. (Doc. 241). As the Report correctly concludes, the record indicates that Plaintiff has failed to engage in meaningful discovery to support her fraudulent transfer claim, having deposed no member of the defense other than Singer and having been consistently recalcitrant regarding discovery deadlines, including submissions of expert medical opinions. (Doc. 240, at 28). Plaintiff's response to Singer, Twin Cedars, and Blaire Realty's motion for summary judgment as to the fraudulent asset transfer claim and their accompanying statement of undisputed facts fails to provide any citations to the record

indicating a dispute related to the equivalent value exchanged in the asset transfer or evidence of actual fraud or intent to defraud. (Doc. 171-1, at 9-12); *see* 12 Pa. Cons. Stat. Ann. § 5104.

Plaintiff fails to point to record evidence that the more than $5,000,000 exchanged in the transaction was not a reasonably equivalent exchange value for the transaction. (Doc. 150-13, at 6; Doc. 240, at 25; Doc. 173-1, at 11). In her response to Singer, Twin Cedars, and Blaire Realty's statement of undisputed facts, Plaintiff does not deny that Little Walker Defendants "paid reasonably equivalent value for the real property." (Doc. 173-1, ¶ 31). *See In re Burke*, 523 B.R. 765, 772 (Bankr. E.D. Pa. 2015) (granting summary judgment to defendants in a fraudulent asset transfer claim plaintiff did not "come forward with proof, (*e.g.,* affidavits or an expert report) in support of the factual contentions underlying his claim (*i.e.,* that the Debtors own assets that they did not disclose or undervalued disclosed assets or transferred assets pre-petition without disclosing those transfers)"). Accordingly, for the purpose of the instant motions, this Court accepts as true that the $5,000,000 exchanged in the transaction was reasonable. *See In re Burke*, 523 B.R. at 772.

Further, Plaintiff has not directed this Court to any evidence in the record of "actual intent to hinder, delay or defraud any creditor of the debtor." 12 Pa. Cons. Stat. Ann. § 5104. In fact, Plaintiff acknowledges that Singer maintains an insurance plan that provides coverage for up to $1,000,000 in damages resulting from this suit. This indicates the security of a judgment in Plaintiff's favor. (Doc. 173-1, ¶¶ 31, 36). Plaintiff also has not pointed to any support in the record for her claim that the timing of the transaction suggests the presence of fraud. (Doc. 86-2, at 3; Doc. 240, at 8). Singer began the sale process for Twin Cedars in 2018, long before Mr. Hamill's death, Plaintiff's demand latter, or the filing of Plaintiff's claims. (Doc. 86-2, at 3; Doc. 240, at 8). Plaintiff has not indicated support for a different timeline

11

that would create a dispute about the start of the sale process. (Doc. 240, at 8). The timing thus indicates that the transaction was not executed to escape liability for these claims. *See Su v. Comprehensive Healthcare Mgmt. Servs.*, LLC, No. 2:18-CV-1608, 2023 WL 6518955, at *6 (W.D. Pa. Oct. 5, 2023) ("[t]o determine an actor's 'actual intent[ under § 5104], a court considers the circumstances of the transaction, such as whether the transfer was to an insider and the timing of the transfer, particularly as related to any legal action pending against the transacting party as well as any impending liabilities or obligations.")(citing 12 Pa. Cons. Stat. Ann. § 5104(b)). This Court agrees that Plaintiff's assertion that the transaction was fraudulent and that Singer remained in control of Twin Cedars is unsupported by the record. (Doc. 227-1). Plaintiff's evidence that Singer remained in control of Twin Cedars is entirely based upon a report by a third-party unauthenticated website "Whois.com" that claimed that Singer still owned Twin Cedars. (Doc. 227-1). This is not sufficient for this Court to find a genuine material fact in dispute related to intent to defraud or a finding of prejudice. (Doc. 227-1); *see In re Burke*, 523 B.R. at 772 ("[h]aving failed to place any evidentiary matter in the summary judgment record, the [p]laintiff has not met the burden necessary to defeat the [summary judgment m]otion" on plaintiff's fraudulent transfer claim); *In re May*, 661 B.R. 40, 54 (Bankr. E.D. Pa. 2024) (granting summary judgment because "[the plaintiff] facing a motion for summary judgment, offers *no evidence* to support [her claims]; her [r]esponse is devoid of any documentary or testamentary evidence […], causing the court to conclude that the [she] has no such evidence.") (quoting *In re Polichuk*, 506 B.R. 405, 423 (Bankr. E.D. Pa. 2014) (emphasis added); 12 Pa. Cons. Stat. Ann. § 5104.

      These responses, or lack thereof, to Singer, Twin Cedars, and Blaire Realty's statement of undisputed facts show that there is no dispute as to (1) the reasonable value exchanged in

the transaction or (2) the existence of an insurance policy proving liability coverage for these claims, supporting the inference that the transaction was not an effort to avoid judgment on the matter. *See* 12 Pa. Cons. Stat. Ann. § 5104; *see also Eddystone Rail Co., LLC v. Bridger Logistics*, LLC, No. 2:17-CV-00495-JDW, 2024 WL 3090882, at *36 (E.D. Pa. June 21, 2024) (holding that a plaintiff must show the elements of a fraudulent asset transfer claim, (1) evidence that reasonable value was not exchanged in the transaction and (2) evidence of actual intent to hinder, delay or defraud a creditor, such as an effort to avoid judgment or liability). The Court agrees with Judge Carlson's conclusion that "the undisputed evidence reveals this transaction has none of the 'badges of fraud' that are typically required to sustain a fraudulent transfer claim." (Doc. 240, at 24); *see* 12 Pa. Cons. Stat. Ann. § 5104. Accordingly, Singer, Twin Cedars, and Blaire Realty's motion for summary judgment as to Plaintiff's fraudulent asset transfer claim is **GRANTED**. *See In re Burke*, 523 B.R. at 772 (granting summary judgment on a fraudulent asset transfer claim because "a nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, nor rest on the allegations in the pleadings. Rather, the nonmoving party must go beyond the pleadings and either by affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts showing that there is a genuine issue for trial."). Plaintiff's fraudulent asset transfer claim is hereby **DISMISSED**. (Doc. 109).

  B.  PLAINTIFF'S NEGLIGENCE CLAIMS

The Report recommends denying the motion for summary judgment as it relates to Plaintiff's negligence claims. (Doc. 240, at 23). The Report finds that Plaintiff did not initially provide expert reports supporting her negligence claims in a timely manner (Doc. 240, at 27), and that without these reports, Plaintiff's negligence claims are at odds with "Pennsylvania

Rule of Civil Procedure 1042.3, which requires the filing a valid certificate of merit along with any medical negligence claim[,]" as well as case law requiring "expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." (Doc. 240, at 27); *Simpson v. Bureau of Prisons*, No. 02-2213, 2005 WL 2387631, at *5 (M.D. Pa. Sept. 28, 2005). However, Plaintiff eventually did submit the requisite expert reports, albeit late, on August 6th, 18th, and 24th of 2022 . (Doc. 157; Doc. 157-1; Doc. 157-3; Doc. 157-3; Doc. 161-1; Doc. 161-2; Doc. 161-3; Doc. 165; Doc. 165-1; Doc. 240, at 28). This Court previously declined to preclude the expert reports from evidence, reasoning that fatality cases are sensitive such that "the lawyer's [discovery] error should [not] redound to the detriment of the client." (Doc. 240, at 28). As a result, the Report recommends that Plaintiff's expert reports be properly considered as a part of the record in the summary judgment motion. (Doc. 182, at 1; Doc. 240, at 28). Next, according to the Report, Plaintiff has pointed to sufficient evidence that Singer played an active role in Mr. Hamill's eviction from Twin Cedars. (Doc. 240, at 28). Therefore, "it cannot be said that Singer's role was confined to some form of passive negligence," warranting disposal of the suit at the summary judgment stage. (Doc. 240, at 28). Again, this Court agrees.

      Neither party has objected to the Report's recommendation that summary judgment be denied as to Plaintiff's negligence claims. Where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should

14

give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

The record contains evidence that Singer was actively engaged in Mr. Hamill's eviction. (Doc. 240, at 28). As Singer describes in her declaration, she helped arrange Mr. Hamill's Uber from Twin Cedars to his New Jersey residence, during which he experienced a medical emergency from which he never recovered. (Doc. 150-10, at 5-6). Additionally, Plaintiff's expert reports support the conclusion that, when interpreted in favor of the non-moving party, Mr. Hamill's suffering and death "were the direct result of the deviations in the standards of care on the part of Twin Cedars, its staff and administrators." (Doc. 165-1, at 6). This evidence considered, a reasonable juror could find in favor of Plaintiff on the negligence claims. *See Hartman v. Sabor Healthcare Grp.*, No. 3:14-CV-02167, 2016 WL 5341758, at *3 (M.D. Pa. Sept. 23, 2016) (denying a motion for summary judgment on wrongful death, survival, and negligence claims related to a decedent's care and treatment as a resident of a care center when expert reports and depositions put forth evidence that a treatment provider's "actions were a 'substantial factor' in causing the plaintiff harm"). Accordingly, the Court adopts the Report's recommendation that summary judgment be **DENIED** as to Plaintiff's negligence claims.[3]

---

[3] As discussed *supra*, Singer, Twin Cedars, and Blaire Realty's motion for summary judgment as to Count VIII will be granted. Count VIII is therefore dismissed. (Doc. 109). Accordingly, the motion for judgment on the pleadings is properly **DENIED as moot**. (Doc. 210).

15

## IV.   CONCLUSION

The court has reviewed the Report and agrees with its conclusions. (Doc. 240). The Report is therefore **ADOPTED** as the decision of this Court. (Doc. 240). Plaintiff's Objections to the Report are **OVERRULED**. (Doc. 241). Little Walker Defendants have been dismissed from this action pursuant to the adopted 2022 Report. (Doc. 258). Therefore, Little Walker Defendants' motion for summary judgment is **DENIED as moot**. (Doc. 151). Defendants Singer, Twin Cedars, and Blaire Realty's motion for summary judgment is **GRANTED in part** as to Count VIII, Plaintiff's fraudulent transfer claim. (Doc. 109; Doc. 150). Count VIII is **DISMISSED with prejudice**. (Doc. 109). Defendants Singer, Twin Cedars, and Blaire Realty's motion for judgment on the pleadings with respect to Count VIII is **DENIED as moot**. (Doc. 210). Defendants Singer, Twin Cedars, and Blaire Realty's motion for summary judgment as to Plaintiff's negligence claims is **DENIED**. (Doc. 109; Doc. 150). An appropriate Order follows.

BY THE COURT:

**Date: September 6, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**